IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | NO. 1:15-CR-390-MHC-JFK |
| WILLIAM BRYANT WHEELER, | |
| Defendant. | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Janet F. King [Doc. 67] recommending that Defendant's Motion to Dismiss Indictment for Outrageous Government Misconduct [Doc. 45] and Motion to Suppress Evidence [Doc. 46] be denied. The Order for Service of the R&R [Doc. 68] provided notice that, in accordance with 28 U.S.C. § 636(b)(1) (2012), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. After obtaining an extension of time within which to file his objections, on July 17, 2017, Defendant filed his objections to only that portion of the R&R which recommends the denial of his Motion to Suppress [Doc. 74] ("Def.'s Objs.").

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and may accept the or recommendation if it is not clearly erroneous of contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

On October 27, 2015, a two-count indictment was returned against Defendant for knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count One), and knowingly possessing child pornography, in violation of O.C.G.A. §§ 2252(a)(4)(B) and (b)(2) (Count Two). On March 11, 2016, Defendant entered a plea of guilty to Count Two of the Indictment based upon a plea agreement with the Government. [Docs. 31, 39.] However, prior to his sentencing, Defendant filed a motion to withdraw his guilty plea in order to challenge the legality of the search warrant issued by a United States Magistrate Judge for the Eastern District of Virginia, which led to the evidence ultimately obtained against him through a warrant issued in this district. [Doc. 35.] The Court granted Defendant's motion to withdraw his guilty plea, provided time for Defendant to file his motion to suppress, and referred the matter to Judge King for further proceedings. Order of June 23, 2016 [Doc. 43].

At the time of the Court's June 2016 Order, there were less than a dozen cases that had issued opinions with respect to the legality of the search warrant that authorized the government to deploy a Network Investigative Technique ("NIT") in order to identify Internet Protocol ("IP") addresses that accessed a network called "Playpen," hosted in the Eastern District of Virginia, which contained a forum for sharing child pornography. See Search & Seizure Warrant, In the Matter

3

of the Search of Computers That Access upf45jv3bziuctml.onion, No. 1:15-SW-89, (E.D. Va., Feb. 20, 2015) [Doc. 35-2] ("the NIT warrant"). The government previously seized the server that hosted Playpen, loaded the contents onto a government server in the Eastern District of Virginia, and hosted Playpen. The NIT warrant permitted the government to install software on the Playpen server in order to identify IP addresses that were accessing the child pornography. The government operated the network for a two-week period, during which time a number of users of IP addresses were obtained, including one linked to Defendant's home address.

Defendant contends that the NIT warrant was void, arose to a constitutional violation, and that the good-faith exception contained to the exclusionary rule under United States v. Leon, 468 U.S. 897 (1984), cannot apply. Def.'s Objs. at 2-7. Like a number of other judges, Judge King assumed that the NIT warrant was void for the purpose of judicial economy, but found that the good-faith exception applied. R&R at 14-28.

At the time of Judge King's R&R, more than fifty decisions had been issued by district courts considering motions to suppress the NIT warrant raising the same issues as raised by Defendant in this case. See e.g., United States v. Hernandez-Cuellar, No. 4:16-CR-111, 2017 WL 2297171 (E.D. Tex. May 26, 2017); United

States v. Barnes, No. 3:15-CR-112-J-39PDB (M.D. Fla. May 8, 2017) (unpublished) (collecting 50 cases); United States v. Taylor, No. 2:16-cr-203-KOB-JEO-1, 2017 WL 1437511, at *3-4 (N.D. Ala. Apr. 24, 2017) (collecting 44 cases). Motions to suppress evidence based on the NIT warrant were denied in the overwhelming majority of cases based on one of the following rationales: (1) the court found the NIT warrant did not violate either 28 U.S.C. § 636(a) or Rule 41 of the Federal Rules of Criminal Procedure; (2) the court found the NIT warrant did violate either 28 U.S.C. § 636(a) or Rule 41, but suppression of the evidence was unwarranted based principally on the good-faith exception to the exclusionary rule under United States v. Leon, 468 U.S. 897 (1984), or that the defendant suffered no prejudice because the information was obtainable through other means or there was no reasonable expectation of privacy in the IP address; or (3) the court assumed a violation of either 28 U.S.C. § 636(a) or Rule 41, but held that suppression was unwarranted based upon the good-faith exception under Leon. At the time of Judge King's R&R, the only decisions to hold that the NIT warrant was not authorized by Rule 41 and that the good-faith exception did not apply because the warrant was void *ab initio*, were: United States v. Carlson, No. 16-317 (JRT/FLN), 2017 WL 1535995 (D. Minn. Mar. 23, 2017) (report & recommendation); United States v. Croghan, 209 F. Supp. 3d 1080 (S.D. Iowa

2016); United States v. Workman, 205 F. Supp. 3d 26 (D. Colo. 2016); United States v. Arterbury, No. 15-CR-182-JHP, 2016 U.S. Dist. LEXIS 67091, at *19-35 (N.D. Okla. Apr. 25, 2016), R & R adopted by 2016 U.S. LEXIS 67092 (N.D. Okla. May 17, 2016); and United States v. Levin, No. 15-10271-WGY, 2016 WL 1589824 (D. Mass Apr. 20, 2016), opinion amended and superseded by 2016 WL 2596010 (D. Mass. May 5, 2016). At the time of Judge King's decision, there were no court of appeals decisions on this issue.

Two appellate decisions have been issued since Judge King's R&R. In United States v. Horton, 863 F.3d 1041 (8th Cir. 2017), the Eighth Circuit Court of Appeals, although holding that the NIT warrant exceeded the magistrate judge's jurisdiction and was void *ab initio*, held that the district court in Croghan erred by failing to apply the good-faith exception:

> Our review of relevant Supreme Court precedent leads us to a similar conclusion [as the Sixth Circuit in United States v. Master, 614 F.3d 236, 241 (6th Cir. 2010)]: that the Leon exception can apply to warrants void *ab initio* like this one.
> \*\*\*
> Because Leon provides an exception for good faith, we apply it as long as the circumstances do not demonstrate bad faith[.]
> \*\*\*
> The defendants also argue that the NIT warrant was facially deficient because FBI agents should have known that a warrant purporting to authorize thousands of searches throughout the country could not be valid. Specifically, Horton argues that there can be no credible argument that officers reasonably believed that none of the 214,898 members of Playpen were located outside of Virginia. We, however,

6

> will not find an obvious deficiency in a warrant that a number of district courts have ruled to be facially valid. Further, we have declined to impose an obligation on law enforcement to know the legal and jurisdictional limits of a judge's power to issue interstate search warrants.
>
> \*\*\*
>
> We therefore apply the Leon exception to this case and reverse the district court's grant of suppression.

Horton, 863 F.3d at 1050-52 (internal punctuation and citations omitted).

Three days earlier, the Tenth Circuit Court of Appeals reversed the district court's decision suppressing evidence based upon the invalidity of the NIT warrant in United States v. Workman, 863 F.3d 1313 (10th Cir. 2017). The Tenth Circuit assumed, for the sake of argument, that the magistrate judge lacked authority to issue the NIT warrant and that the resulting search was unconstitutional or a prejudicial violation of a federal law or rule. Nevertheless, the court held the Leon exception applied:

> Under Herring [v. United States, 555 U.S. 135 (2009)] and [Arizona v.] Evans, [514 U.S. 1 (1995),] the Leon exception applies even if the magistrate judge had exceeded geographic constraints in issuing the warrant. In these circumstances, the executing agents could reasonably have relied on the warrant, just as the agents had relied in Herring and Evans on warrants that had been recalled or quashed.
>
> In Herring and Evans, the absence of a valid warrant did not preclude application of the Leon exception because there was no misconduct to deter. Here too there was nothing to deter if the agents had mistakenly relied on the magistrate judge's authority to issue the warrant. As a result, Herring and Evans would require us to apply the

7

> Leon exception even if we were to conclude that the warrant had exceeded geographical constraints.

Workman, 863 F.3d at 1318-19 (citations and footnotes omitted). The court then held that the "executing agents could reasonably rely on the magistrate judge's authority to issue a warrant authorizing installation of software and retrieval of information in the Eastern District of Virginia." Id. at 1320.

Finally, the report and recommendation previously issued in Carlson was recently reversed by the United States District Court for the District of Minnesota. United States v. Carlson, No. 16-317 (JRT/FLN), 2017 WL 3382309 (D. Minn. Aug. 7, 2017). Although the Court held that the NIT warrant exceeded the magistrate judge's jurisdiction and the Rule 41 violation was of a constitutional magnitude, it held "the Leon exception applies because there is nothing in the record to imply that the FBI relied on the NIT warrant unreasonably or in bad faith." Id., 2017 WL 3382309, at *7 (citing Horton).

In his objections, Defendant contends, as he did before Judge King, that the good-faith exception in Leon does not apply to a warrant that is void, relying in part on the R&R in Carlson, which has now been reversed by the district court in Minnesota. Def.'s Objs. at 2-7. In fact, three of the five cases that previously had been decided in support of Defendant's position have now been reversed in favor of Judge King's determination. This Court has reviewed Judge King's well-

8

reasoned discussion of the applicability of the Leon good-faith exception to the facts in this case, and finds that it is supported by the evidence in the record and the law as discussed by the Eighth and Tenth Circuits.

Defendant's "alternative" argument that the government has failed to meet its burden of showing the agents acted in good-faith (Def.'s Objs. at 7-13) also is belied by the recent decisions in the Eighth and Tenth Circuits, as well as nearly every other court that has considered this issue. Again, the Court has conducted a *de novo* review of Judge King's R&R and finds no grounds on which to sustain Defendant's objections.

Finally, Defendant contends that the failure to suppress the evidence here will fail to deter law enforcement from violating the Fourth Amendment in the future. Def.'s Objs. at 13-16. The Court rejects that concern for the same reasons as expressed by the Eighth Circuit:

> Because Rule 41 has been updated to authorize warrants exactly like this one, there is no need to deter law enforcement from seeking similar warrants. As noted above, we do not believe that law enforcement acted in bad faith, and "[e]xclusion of the evidence seized pursuant to the NIT warrant would serve little deterrent purpose where the mistaken conduct of the magistrate judge, not the officers, invalidated the warrant." Taylor, 2017 WL 1437511, at *16. And the costs of exclusion in this case are substantial. Suppression here would extend beyond the present defendants and impact multiple cases within this circuit. On balance, the marginal benefit of deterrence fails to outweigh the associated costs: "letting guilty and possibly dangerous defendants go free—something that 'offends basic

9

concepts of the criminal justice system.'" Herring, 555 U.S. at 141 (quoting Leon, 468 U.S. at 908). We therefore apply the Leon exception to this case and reverse the district court's grant of suppression.

Horton, 863 F.3d at 1052 (parallel citations omitted).

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 74]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 67] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Motion to Dismiss Indictment for Outrageous Government Misconduct [Doc. 45] and Motion to Suppress Evidence [Doc. 46] are **DENIED**.[1]

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on June 12, 2017, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the

---

[1] Judge King previously ordered that Defendant's motion to compel discovery [Doc. 55] and the Government's motion to reconsider holding an evidentiary hearing be denied. R&R at 51. Accordingly, the Clerk is **DIRECTED** to terminate the submissions for those two docket entries.

10

Report and Recommendation outweigh the right of the public and the right of the defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq*.

**IT IS SO ORDERED** this 21st day of August, 2017.

_____
MARK H. COHEN
United States District Judge